ANTHONY J. AND KERRY IZZO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Izzo v. Commissioner
Docket No. 11895-87.
United States Tax Court
T.C. Memo 1988-353; 1988 Tax Ct. Memo LEXIS 385; 55 T.C.M. (CCH) 1482; T.C.M. (RIA) 88353; August 8, 1988. Anthony J. Izzo and Kerry Izzo, pro se. William G. Merkle and Mark E. Humphrey, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: This case is before us on petitioners' motion for litigation costs pursuant to Rule 231 [1] and section 7430. When this case was called for trial, the parties offered a stipulated decision reflecting that petitioners had no deficiency or overpayment for their 1984 taxable year. Petitioners, however, moved for litigation costs, which raises the only issue left for consideration. We have come to understand the circumstances in this case based upon statements of the parties on the record, affidavits and respondent's written response to petitioners' motion. On November 17, 1986, employees of respondent's Kansas City Service Center mailed a preliminary report (so-called, 30-day letter) to petitioners notifying them of a $ 7,496 adjustment to their 1984 income tax based upon a Form 1099-INT. Respondent *387 also proposed additions to tax under section 6653(a). Respondent did not receive a response to the 30-day letter and a statutory notice of deficiency was mailed to petitioners on March 18, 1987. On April 20, 1987, petitioners' accountant responded by letter to the notice of deficiency, from the Kansas City Service Center, by explaining that the Form 1099-INT was actually for 1983 and had been reported on petitioners' 1983 Federal income tax return. Copies of pertinent documents were supplied to respondent's administrative employees. This April 20, 1987, letter and attachments were not associated with the administrative file maintained by respondent in connection with petitioners' 1984 income tax return. The petition was filed on May 7, 1987, and it was received by respondent's attorney in Chicago, Illinois, on May 15, 1987. On June 19, 1987, Kansas City Service Center employees mailed a letter to petitioners advising that petitioners' April 20, 1987, explanation had been accepted and that "[n]o further actions on your part is required." The June 19, 1987, Service Center letter was not associated with respondent's administrative file or petitioner's 1984 income tax return. Respondent's *388 attorney was unable to obtain the administrative file prior to preparing respondent's answer, which was filed on June 26, 1987. The administrative file was received by respondent's attorney on or shortly after September 18, 1987. Respondent's attorney remained unaware of the correspondence between the petitioners and the Service Center until sometime early in January 1988, when contact was made with petitioners and their accountant in connection with the Court's trial calendar scheduled to begin March 21, 1988. At a January 7, 1988, meeting petitioners' accountant met with respondent's attorney and provided copies of the Service Center correspondence and related materials. After reviewing the correspondence and materials, respondent's attorney offered to concede error in respondent's determination concerning petitioners' 1984 taxable year. By a January 20, 1988, letter the concession was formalized and a proposed stipulation-decision was sent to petitioners' accountant. Because the first stipulation-decision had been prepared for the wrong signatory, a second stipulation-decision was sent to petitioners on February 29, 1988. The parties supplied the Court with the agreed stipulation-decision *389 reflecting no deficiency or overpayment for petitioners' 1984 taxable year and it was not entered pending the outcome of petitioners' motion for litigation costs. A taxpayer may be awarded reasonable litigation costs in a civil tax proceeding if he is the prevailing party as defined in section 7430(a). To come within the statutory requirements, a taxpayer must (1) establish that the position of the United States in the civil proceeding was not substantially justified; (2) have substantially prevailed in the litigation; and (3) have a net worth which does not exceed $ 2,000,000. Sec. 7430(c)(2)(A). Further, the "prevailing party" must exhaust his administrative remedies within the meaning of section 7430(b)(1). No award for reasonable litigation costs may be made with respect to any portion of the civil proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these conjunctive requirements must be met for an award to be made. ; . Petitioners contend that they are entitled to litigation costs and, *390 accordingly, that they have met all requirements of section 7430. Respondent agrees that petitioners have "substantially prevailed," but contends that the position of the United States was "substantially justified." Respondent also contends that petitioners have not exhausted their administrative remedies and their claimed litigation costs are unreasonable. If we should find that respondent's position was "substantially justified," it will not be necessary to consider the other contentions of respondent. In determining whether respondent's position is substantially justified, we consider the position taken by the Government in the civil proceeding and "any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." Sec. 7430(c)(4). Accordingly, for purposes of this case, we consider the Government position from the time the petition was filed. Also see ; ; , revd. on other issues *391 . In this case, petitioners, with the assistance of their accountant, administratively pursued this matter with the Service Center and also commenced a civil proceeding at about the same administratively considered by the Service Center employees, petitioners were in the process of filing a petition. Respondent's attorney prepared an answer which was filed about 4 days after the Service Center mailed a letter to petitioners advising them that the discrepancy had been resolved. Respondent's attorney was not aware of the Service Center employee's conclusions or the information or materials in support of the conclusion until his first meeting with petitioners' accountant on January 7, 1988. Following knowledge by respondent's attorney, he acted promptly and diligently to concede that the Government's determination was in error. Unless we are able to impute the dealing with and knowledge of the Service Center employee's administrative activities with petitioners to respondent's attorney, it is clear that the position of the United States in the litigation is substantially justified. See . *392 The statute clearly delineates the involvement of respondent's attorney (District Counsel) as the threshold for considering the position of the United States. We are convinced that respondent acted reasonably in the litigation and that the correspondence and information passing between the Service Center and petitioners should not, in the circumstances of this case, be attributed to respondent's attorney. To reflect the foregoing, An order will be entered denying the petitioners' motion for litigation costs.
Footnotes
1. All rules references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1986, as amended. ↩